IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       :

                     :

     v.             :     I.D. No.:  1701006494

                     :

GUY JONES,          :

                     :

     Defendant.     :

## ORDER

1.      On April 26, 2018, a Kent County jury convicted Defendant Guy Jones and a co-defendant of one count of Murder in the First Degree, one count of Murder in the Second Degree, one count of Attempted Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Conspiracy in the Second Degree.[1]  Following a presentence investigation, the Court sentenced Mr. Jones to a mandatory sentence of life in prison for the charge of Murder in the First Degree. [2]  Additionally, for the remaining charges, the Court sentenced Mr. Jones to 62 years at supervision level V, suspended after 32 years at supervision level V.[3]

---

[1] State v. Guy Jones, Crim. I.D. No. 2005002325A, Docket Item (D.I.) 47.

[2] D.I. 55.

[3] Id.

1

2.     On June 2, 2025, Mr. Jones filed a Motion for Correction of Illegal Sentence Pursuant to Rule 35(a), arguing that he is due sentencing relief under Erlinger v. United States.[4]

3.     Mr. Jones's conviction for Murder in the First Degree required the Court to sentence him to "imprisonment for the remainder of [his] natural life without [the] benefit of probation or parole or any other reduction."[5]  The imposition of that sentence occurred without the application of any sentencing enhancements. Accordingly, Mr. Jones cannot find relief under Erlinger for reduction of his life sentence.[6]

4.     In light of Mr. Jones's mandatory life sentence, any potential arguments under Erlinger regarding his other sentences have "no significant current impact."[7]

---

[4] D.I. 102, citing Erlinger v. United States, 602 U.S. 921 (2024).

[5] 11 Del. C. § 4209 (Mr. Jones was sentenced on August 29, 2018.  At that time, § 4209 required the Court to impose either a life sentence or the death penalty.  Other than removing the statutory language pertinent to conducting a hearing to consider the imposition of the death penalty, the current version of § 4209 contains the same "imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction" language).

[6] As Mr. Jones correctly notes in his Motion for Correction of an Illegal Sentence, the holding in Erlinger applies to sentences that have been enhanced due to a factual finding.  As Mr. Jones's mandatory life sentence was triggered by a jury convicting him of Murder in the First Degree, there were no factual findings made by the Court to enhance that sentence.  See Phillips, v. State, 2025 WL 1693652, at *2 (Del. June 16, 2025) (TABLE) (noting that Erlinger requires "a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for sentencing enhancements under the Armed Career Criminal Act.").

[7] Govan v. State, 832 A.2d 1251 n.3 (Del. 2003) (TABLE) (holding that when a Defendant must serve a mandatory life sentence, an examination of any deficiencies in his other sentences does not

To the extent Mr. Jones argues his sentences for his other convictions were improper in light of Erlinger, that argument does not present an issue ripe for consideration. Accordingly, the Court will not expend judicial resources on resolving that contention.

5.     Mr. Jones's Motion for Correction of Illegal Sentence Pursuant to Rule 35(a) is **DENIED**.  As the Court finds Mr. Jones's motion lacks merit as to any actual controversy, Mr. Jones's request for appointed counsel is **DENIED**.

**IT IS SO ORDERED this \_\_\_\_ day of _____, 2025.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
oc:     Prothonotary
cc:     Guy Jones
          Department of Justice
          File

---

present an "actual controversy."  "Delaware courts are not required to expend judicial resources to answers questions that have no significant current impact."); See also State v. Johnson, 2025 WL 1431003, at *2 (Del. Super. May 19, 2025) (declining to consider an argument under Erlinger where the Defendant must serve a mandatory life sentence for a Murder in the First Degree conviction).